**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| IGOR STANKIC, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SANDUSKY, OHIO, *et al.*, <br><br> Defendants. | CASE NO. 3:23-CV-00080-DAC <br><br> MAGISTRATE JUDGE DARRELL A. CLAY <br><br> **MEMORANDUM OF OPINION AND ORDER ON NORFOLK SOUTHERN RAILWAY COMPANY'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** <br> [ECF #31] |

### INTRODUCTION

This case is before me based on the parties' joint consent pursuant to 28 U.S.C. § 636(c)(1). (ECF #20, 36). On December 14, 2023, Defendant Norfolk Southern Railway Company filed a Motion for Partial Judgment on the Pleadings, seeking judgment in its favor on the claims of Plaintiff Igor Stankic for false arrest and the punitive damages requests of Mr. Stankic and Plaintiff Stankic Enterprises, LLC. (ECF #31 at PageID 167). After receiving an extension of time to respond, Plaintiffs filed their brief in opposition on January 22, 2024. (ECF #34). Norfolk Southern replied on February 5, 2024. (ECF #35).

Following careful consideration, I **GRANT IN PART** and **DENY IN PART** Norfolk Southern's motion. Specifically, I grant its request for judgment in its favor on Mr. Stankic's claim for false arrest. But I deny the request for judgment in its favor on Plaintiffs' request for punitive damages insofar as they may arise from their surviving claim against Norfolk Southern for trespass.

### BACKGROUND

According to the Amended Complaint, Mr. Stankic is Managing Member of Stankic Enterprises, an Ohio limited liability company. (ECF #25 at PageID 125). Stankic Enterprises owns commercial real estate located 1722 Hayes Avenue in Sandusky, Ohio (the Hayes Property) that it uses as a shipping point for various customers. (*Id.* at PageID 125-26).

1

On the morning of October 12, 2022, following the derailment of a Norfolk Southern train near the Hayes Property, Mr. Stankic noticed two semi tractor-trailers and a commercial pickup truck parked on the Hayes Property. (*Id.* at PageID 126). One of the trucks blocked a driveway onto the property and another truck blocked a loading bay. (*Id.* at PageID 127). Mr. Stankic also observed that the locks securing the Campbell Street driveway entrance to the Hayes Property had been cut and the gate was open. (*Id.*). Mr. Stankic contacted a representative from Defendant Hulcher Enterprises, the name shown on the commercial pickup truck and inquired who authorized the trucks to park on the Hayes Property. (*Id.* at PageID 127-28). In a subsequent call, a representative of Hulcher allegedly told Mr. Stankic that Norfolk Southern had given permission. (*Id.* at PageID 128).

After several hours with no one arriving to remove the trucks, Mr. Stankic moved the semi-tractor and trailer blocking his business. (*Id.*). Later, a Hulcher employee, Eric Shiple, arrived and allegedly "announced he was there to move the vehicles. He said Hulcher was instructed by 'the railroad' to park the trucks at the [Hayes] Property." (*Id.*). Mr. Stankic demanded the vehicles be removed but also indicated that Stankic Enterprises required compensation before he would release the "trespassing truck . . . ." (*Id.*). The Hulcher representative left. (*Id.*).

Subsequently, Officers Bird and Lewis of the City of Sandusky Police Department arrived at the Hayes Property. (*Id.* at PageID 129). Officer "Bird spoke with representatives of Hulcher and [Norfolk Southern] who were at the [Hayes] Property." (*Id.*). The Amended Complaint further avers:

> 37. The [Norfolk Southern] representative informed Bird that [Norfolk Southern] had "commandeered" the [Hayes] Property. The representative did not state upon what authority [Norfolk Southern] had "commandeered" the [Hayes] Property.
>
> 38. [Norfolk Southern] did not have the right to commandeer the Property or assert any authority over it. [Norfolk Southern] admitted this lack of authority when its representative stated [Norfolk Southern] had "commandeered" the [Hayes] Property.
>
> 39. The Hulcher representative told Bird that Hulcher management wanted Stankic arrested. It is believed Bird communicated this information to Lewis.

2

> 40. Bird said almost nothing to the [Norfolk Southern] and Hulcher representatives about their illegal activity which caused the entire situation, although he condemned the actions of Stankic.

(*Id.*).

While Mr. Stankic was speaking with his attorney, Officers Lewis and Bird entered the warehouse "without requesting permission to do so and without being invited into the building." (*Id.* at PageID 130). Officer Lewis asked Mr. Stankic "What's going on?" and Mr. Stankic explained that his attorney would be calling back shortly and would help sort out the situation. (*Id.*). Shortly thereafter, the officers "sprang into action and aggressively attempted to put [Mr.] Stankic into handcuffs by grabbing and twisting his arms." (*Id.*). The officers told Mr. Stankic he was under arrest for theft. (*Id.* at PageID 131). Mr. Stankic struggled with the officers and eventually told them to stop pushing and he would let them arrest him. (*Id.*).

When Mr. Stankic demanded to know why he was being arrested, Officer Lewis allegedly said: "I guess it will be unauthorized use of a motor vehicle." (*Id.* at PageID 132). The officers read Mr. Stankic his *Miranda* rights, and after he refused to speak without his attorney present, they placed Mr. Stankic in the police cruiser. (*Id.*).

Meanwhile, Mr. Stankic's attorney "kept calling [Mr.] Stankic's phone." (*Id.*). Eventually, Officer Lewis spoke to Mr. Stankic's attorney, then asked Mr. Stankic if Hulcher could have its truck back. (*Id.*). Mr. Stankic agreed, the handcuffs were removed, Mr. Stankic drove the semi out of the warehouse, and Hulcher employees drove the semi off the Hayes Property. (*Id.*)

On January 17, 2023, Mr. Stankic filed a civil action against the City of Sandusky, Officers Lewis and Bird, and the Ohio Attorney General alleging claims for: (1) false arrest under 42 U.S.C. § 1983; (2) false arrest under state law; (3) *respondeat superior* liability; and (4) declaratory judgment finding Chapter 2744 of the Ohio Revised Code unconstitutional. (*Id.* at PageID 8-11). Mr. Stankic later voluntarily dismissed the Ohio Attorney General as a defendant. (ECF #14). On July 19, 2023, I granted the City of Sandusky's Motion to Dismiss the second, third, and fourth claims from the original Complaint. (ECF #21).

I held a case management conference on August 15, 2023, during which I ordered all parties to be joined and pleadings to be amended not later than November 10, 2023. (ECF #23). Accordingly, on September 29, 2023, Mr. Stankic filed his First Amended Complaint. (ECF #25).

The First Amended Complaint revised the substantive allegations from the original Complaint and added Hulcher and Norfolk Southern as defendants. (*Id.*). Norfolk Southern filed its Answer to the Amended Complaint on December 11, 2023 (ECF #30), then filed its Motion for Partial Judgment on the Pleadings three days later.

## STANDARD OF REVIEW

The standard of review for a Rule 12(c) motion for judgment on the pleadings is identical to the standard for a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). In evaluating, courts "construe the record in the light most favorable to the non-moving party" and determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 246-47 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The court accepts the factual allegations of the non-movant as true, but not unwarranted inferences or legal conclusions. *Holland v. FCA US LLC*, 656 F. App'x 232, 236-37 (6th Cir. 2016).

When deciding an issue of state law, district courts apply the law of the state's highest court. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Where a state's highest court has spoken to an issue, we are bound by that decision unless we are convinced that the high court would overrule it if confronted with facts similar to those before us." *Kirk v. Hanes Corp. of N.C.*, 16 F.3d 705, 707 (6th Cir. 1994). "Intermediate state appellate courts' decisions are also viewed as persuasive unless it is shown that the state's highest court would decide the issue differently." *In re Dow Corning Corp.*, 419 F.3d 543, 549 (6th Cir. 2005) (citation omitted). District courts are also bound to follow Sixth Circuit precedent, including the circuit's interpretation of Ohio law.

## LAW AND ANALYSIS

**State Claim for False Arrest**

In Ohio, a claim for false arrest is made by showing an intentional and unlawful detention of the plaintiff. *See Ruble v. Escola*, 898 F. Supp. 2d 956, 982-83 (N.D. Ohio 2012). "It does not require proof of malice, motive, or lack of probable cause." *Eisnnicher v. Bob Evans Restaurant*, 310

4

F. Supp. 2d 936, 957 (S.D. Ohio 2004) (citing *Tucker v. Kroger Co.*, 725 N.E.2d 1111, 1115 (1999)).

Where the defendant is a private citizen, not a police officer, there are "two paths to liability for the tort of false arrest: a private citizen can be liable either for [1] having specifically requested the police to arrest someone or [2] for having intentionally provided false information to the police that leads to that person's arrest." *Id.* In contrast, "[w]here a private citizen merely summons an officer for assistance because of a disturbance and does not specifically request that the person be arrested nor supply the false information to the police which causes the arrest, the citizen is not liable." *White v. Standard Oil Co.*, 474 N.E.2d 366, 367 (Ohio Ct. App. 1984).

The First Amended Complaint makes no reference to any representative of Norfolk Southern "specifically requesting" that the Sandusky police arrest Mr. Stankic. Quite the opposite – it alleges that Officers Bird and Lewis made the decision of their own apparently independent volition: "Foregoing even a modicum of investigation, **Bird and Lewis simply decided to arrest [Mr.] Stankic**." (ECF #25 at PageID 131) (emphasis added). The allegation that Officers Bird and Lewis made their own independent decision to arrest Mr. Stankic forecloses the first path of recovery for false arrest of Mr. Stankic.

As to the second path, the First Amended Complaint alleges that an unidentified representative of Norfolk Southern "informed [Officer] Bird that [Norfolk Southern] had 'commandeered' the [Hayes] Property. The representative did not state upon what authority [Norfolk Southern] had 'commandeered' this private property." (*Id.* at PageID 129). Further, it alleges that Hulcher "demand[ed Mr.] Stankic be arrested when it was Hulcher who had trespassed at the instruction of" Norfolk Southern, and that this "continued the chain of causation leading to [Mr.] Stankic's false arrest." (*Id.* at PageID 136). Finally, the First Amended Complaint avers that Norfolk Southern, "Hulcher, Bird and Lewis are all joint tortfeasors and are all jointly liable for [Mr.] Stankic's legal damages." (*Id.*).

The First Amended Complaint makes no allegation that Norfolk Southern "acted in concert with any state actor," and does not "plead any conspiracy or joint action with state actors . . ." *See Zavatson v. Sonnenfeld*, No. 14-10623, 2016 WL 5340785, at *9 (E.D. Mich. Sept. 23, 2016). It does, however, allege that Norfolk Southern is a joint tortfeasor with Hulcher and Officers Bird and Lewis, and therefore are "all jointly liable for [Mr.] Stankic's legal damages."

5

(ECF #25 at PageID 136). Under Ohio law, a joint tortfeasor is "one who actively participates, cooperates in, requests, aids, encourages, ratifies, or adopts a wrongdoer's actions in pursuance of a common plan or design to commit a tortious act." *Clevecon, Inc. v. Northeast Ohio Reg'l Sewer Dist.*, 628 N.E.2d 143 (Ohio Ct. App. 1993) (citing Prosser, Law of Torts, Section 46, 292 (4th ed. 1978)).

Mr. Stankic's assertion that Norfolk Southern is a joint tortfeasor falls far short of this standard. The First Amended Complaint does not allege that all defendants, or any combination of them, adopted a "common plan or design to commit a tortious act." At best, the allegation of joint tortfeasor or agency status constitutes a purely legal conclusion. Because the allegation is unsupported by necessary factual detail, it need not be accepted as true. *See Twombly*, 550 U.S. at 555 (reiterating that courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (quotation omitted); *see also Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (noting that a court need not accept unwarranted factual inferences).

For these reasons, I find that Mr. Stankic's claim for false arrest against Norfolk Southern fails. Norfolk Southern is therefore entitled to judgment on the pleadings in its favor on Count Two of the First Amended Complaint.[1]

**Claim for Punitive Damages**

Norfolk Southern also seeks judgment in its favor on Plaintiffs' request for an award of punitive damages contained in the Prayer for Relief of the First Amended Complaint. (ECF #25 at PageID 137). Because I have dismissed the false arrest claim and because Mr. Stankic did not allege a § 1983 claim against Norfolk Southern, I must examine the request for punitive damages solely in the context of Plaintiffs' surviving claim against it for trespass.

Ohio law recognizes the possibility of punitive damages being awarded for trespass to real property. *See Apel v. Katz*, 697 N.E.2d 600, 609 (Ohio 1998). "Under Ohio law, an award of punitive damages is available upon a finding of actual malice." *Calmes v. Goodyear Tire & Rubber Co.*, 575 N.E.2d 416, 419 (1991). In this context, actual malice necessary to support punitive

---

[1] Because I find this argument dispositive of the false arrest claim against Norfolk Southern, I decline to address its alternative arguments alleging qualified immunity and that Mr. Stankic's arrest was lawful.

damages is (1) that state of mind under which a person's conduct is characterized by hatred, ill will, or a spirit of revenge; or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. *Preston v. Murty*, 512 N.E.2d 1174, 1176 (Ohio 1987).

The allegations of the First Amended Complaint are sufficient to meet this standard. For example, Mr. Stankic alleges that on the day in question, he found the gate, normally closed and locked with a chain lock, was "wide open." (ECF #25 at PageID 127). In fact, he says he found the "chain and lock to the gate had been cut off." (*Id.*). He further found multiple vehicles parked on the Hayes Property that "were blocking a loading bay and driveway." (*Id.*). In so doing, the vehicles were "blocking" the business of Mr. Stankic and Stankic Enterprises. (*Id.* at PageID 128). After at least a two-hour delay with the offending vehicles not being removed, a Hulcher employee told Mr. Stankic that "the railroad" had indicated the trucks should be parked at the Hayes Property. (*Id.*). After that, a Norfolk Southern representative allegedly told Officer Bird that the railroad had "commandeered" the Hayes Property. (*Id.* at PageID 129).

These, and other allegations of the First Amended Complaint, taken collectively are sufficient for the claim of punitive damages for trespass to survive at this time. If ultimately proven, such allegations may rise to the level of a conscious disregard by Norfolk Southern of the rights of the owners of the Hayes Property creating a great probability of causing substantial harm in light of the alleged interference with the business of Mr. Stankic and Stankic Enterprises. *See, e.g.*, *Lomax v. Ohio Sav. Ass'n*, No. 47308, 1984 WL 5471, at *3 (Ohio Ct. App. Apr. 12, 1984) (noting bank's potential liability for punitive damages on trespass claim because bank allegedly did not "first clarify conflicting evidence concerning the true owners of the premises in question"). As such, while I express no opinion as to the ultimate outcome in this case, the allegations of the First Amended Complaint are sufficient to allege a legal and factual basis for an award of punitive damages, making judgment on the pleadings in favor of Norfolk Southern inappropriate at this time.

## CONCLUSION

Based on the foregoing, I **GRANT IN PART** and **DENY IN PART** Norfolk Southern's motion for partial judgment on the pleadings. Specifically, I grant the request for judgment in its favor on the claim for false arrest of Plaintiff Igor Stankic. But I deny the request for judgment in

7

its favor on Plaintiffs' request for punitive damages insofar as they may arise from Plaintiffs' surviving claim against Norfolk Southern for trespass.

    Dated: February 29, 2024

 

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE